**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **vs.** | ) ) **Civil Action No.: _____** |
| **NAVISTAR, INC. and IDEALEASE OF ATLANTA, LLC,** | ) ) ) |
| **Defendants.** | ) ) |

## COMPLAINT

Plaintiff Nationwide Agribusiness Insurance Company sues Navistar, Inc. and Idealease of Atlanta, LLC as follows:

## THE PARTIES, JURSIDICTION, AND VENUE

1.      Plaintiff Nationwide Agribusiness Insurance Company ("Nationwide") is a corporation organized under the laws of the state of Iowa, with its principal place of business in Des Moines, Iowa. Nationwide is a duly authorized property insurer in the State of Georgia, providing coverage to Keystone Petroleum Transport ("Keystone"), in connection with the vehicle that is the subject of this Complaint.

2.      Defendant Navistar International Corporation ("Navistar") is a corporation organized under the laws of the state of Delaware, with its principal

place of business in Lisle, Illinois. Navistar may be served by service of process upon its registered agent, The Corporation Company, 112 North Main Street, Cumming, Georgia, 30040.

3.     Defendant Idealease of Atlanta, LLC ("Idealease") is a limited liability company organized under the laws of the state of Illinois, with its principal place of business in North Barrington, Illinois. Idealease may be served by service of process upon its registered agent, Mario Delgado, 2689 Barrett Lakes NW Blvd, Kennesaw, Georgia, 30144.

4.     There are no members or submembers of Idealease who reside in Iowa, the State of Nationwide's incorporation and principal place of business.

5.     This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

2

## FACTUAL ALLEGATIONS

7.      At all times material to this Complaint, Nationwide provided property insurance to Keystone for a 2014 International ProStar vehicle, VIN 1HSDJAPR6EH025249 (hereinafter "the Vehicle").

8.      At all times material to this Complaint, Idealease owned the Vehicle and leased it to Keystone.

9.      On or about September 21, 2017, while 8,000 pounds of ethanol were being unloaded from the Vehicle, it caught on fire.

10.     Pursuant to its policy of insurance, Nationwide indemnified Keystone for covered damages arising from the subject fire in an amount of $97,847.68.

11.     Nationwide is equitably and contractually subrogated to the rights, claims, interests, and causes of action belonging to Keystone, and, to the extent of payments made and is entitled to recover its damages from Idealease and Navistar.

## COUNT I – STRICT LIABILITY AGAINST NAVISTAR

12.     The allegations in Paragraphs 1 through 11 of this Complaint are incorporated by reference as if fully set forth herein

13.     At all times material to this Complaint, Navistar engaged in the business of designing, manufacturing, marketing, distributing, selling and/or supplying vehicles.

14.     Navistar designed the Vehicle.

15.     Navistar manufactured the Vehicle.

16.     Navistar marketed and placed the Vehicle into the stream of commerce.

17.     Navistar sold the Vehicle, in a new and unaltered condition, to a retailer, which in turn sold it to Idealease.

18.     At the time that the Vehicle left Navistar's control, it was in a defective and unreasonably dangerous condition that left it unsafe for its normal and foreseeable use.

19.     At the time of the fire, the Vehicle was used for its intended purpose, with such purpose being reasonably foreseeable to Navistar.

20.     The subject defect was the subject of a nationwide recall initiated by Navistar.

21.     The Vehicle was defective and unreasonably dangerous for its normal and foreseeable use because:

> a. The Vehicle was designed in a manner that created a defective condition;
>
> b. The Vehicle was manufactured in a manner that created a defective condition;

c.  The Vehicle was manufactured in a manner which rendered the product unsuited for its intended purpose;

d.  The Vehicle was manufactured in a manner that rendered a component prone to ignition;

e.  The Vehicle was not properly inspected before being placed into the stream of commerce;

f.  Navistar failed to warn Keystone or Plaintiff of the defective and dangerous nature in which the Vehicle was designed and/or manufactured;

g.  The Vehicle's danger of igniting outweighs its utility;

h.  The design and manufacture of the Vehicle did not meet the reasonable expectations of the ordinary consumer as to safety;

i.  Reasonable alternatives were available to Navistar that would have produced a safer product without diminishing the Vehicle's adequacy; and

j.  Other conditions or defects as discovery may reveal.

22.    The Vehicle experienced at least two previous problems with the HVAC system that are precisely consistent with the recall condition described by Navistar in its recall literature submitted to the federal government.

23.     The defective and unreasonably dangerous manner in which the Vehicle was designed and/or manufactured was the cause of the fire and, thus, the direct, proximate, and foreseeable cause of the $97,847.68 in damages suffered by Plaintiff.

## COUNT II – NEGLIGENCE AGAINST NAVISTAR

24.     The allegations contained in Paragraphs 1 through 23 of this Complaint are incorporated by reference as if fully set forth herein.

25.     Navistar designed the Vehicle.

26.     Navistar manufactured the Vehicle.

27.     Navistar marketed and placed the Vehicle into the stream of commerce.

28.     The Vehicle was expected to, and did, reach Keystone without alteration of the condition in which it was sold, either by alteration, repair, or abnormal use.

29.     At the time of the fire, the Vehicle was used for its intended purpose, with such purpose being reasonably foreseeable to Navistar.

30.     Navistar owed to Keystone (and therefore to Plaintiff) the duty to use reasonable care in designing and manufacturing the Vehicle so that it would reach its intended user in a non-defective, safe condition, thereby circumventing the exposure to an unreasonable risk of harm.

31.     The subject defect was the subject of a nationwide recall initiated by Navistar.

32.     Navistar breached the duty it owed to Keystone (and therefore to Plaintiff) in one or more of the following ways:

      a.     Designing and/or manufacturing the Vehicle in a manner that created a defective condition;

      b.     Designing and/or manufacturing the Vehicle in a manner which rendered the product unsuited for its intended purpose;

      c.     Designing and/or manufacturing the Vehicle in a manner that rendered a primary component prone to ignition which, in turn, caused the Vehicle to fail in its entirety;

      d.     Failing to adequately inspect the Vehicle before placing it into the stream of commerce;

      e.     Failing to warn Keystone or Plaintiff of the defective and dangerous nature in which the Vehicle was designed and/or manufactured; and

      f.     Other acts or omissions as discovery may reveal.

33.     The Vehicle experienced at least two previous problems with the HVAC system that are precisely consistent with the recall condition described by Navistar in its recall literature submitted to the federal government.

34.     The defective and unreasonably dangerous manner in which the Vehicle was designed and/or manufactured was the cause of the fire and, thus, the direct, proximate, and foreseeable cause of the $97,847.66 in damages suffered by Plaintiff.

## COUNT III – NEGLIGENCE AGAINST IDEALEASE

35.     The allegations contained in Paragraphs 1 through 34 of this Complaint are incorporated by reference as if fully set forth herein.

36.     Idealease owed to all foreseeable persons, including the Keystone (and therefore Nationwide) the duty to use reasonable care in its actions associated with the Vehicle.

37.     On information and belief, Navistar sent, and Idealease received, at least one recall letter related to risk of fire to the Vehicle.

38.     The recall condition described by Navistar in the recall letter(s) was the same condition which caused the September 21, 2017 fire.

39.    On information and belief, the recall letter(s) stated that Navistar would repair the recall condition "free of charge," and the work would "take approximately 45 minutes to complete."

40.    Idealease never had the recall condition repaired.

41.    On information and belief, the recall letter(s) stated, "[i]f you are the lessor of this vehicle, please forward a copy of this notice to the lessee within ten days to comply with federal regulations."

42.    Idealease never forwarded a copy of any recall letter to Keystone.

43.    Moreover, despite being armed with the knowledge imparted to it by Navistar in the recall letter(s), Idealease repeatedly ignored Keystone's previous complaints to Idealease of issues consistent with the recall condition.

44.    Specifically, Idealease's Customer Repair History document states that Idealease serviced the vehicle multiple times after it would have received an August 2015 recall letter, yet never had the recall work – which, according to Navistar's recall letter, "will be performed

45.    Idealease knew that the Vehicle was routinely hauling flammable materials, yet failed to address the recall condition.

46.     Idealease breached the duty it owed to Keystone (and thefeore to Nationwide) by failing to ensure that the recall work was done or otherwise inform Keystone of the recall condition, as described herein.

47.     As a direct, proximate, and foreseeable result of the breach of duty and negligence of Idealease, Nationwide has suffered damages in the amount of $97,847.66.

### COUNT IV – BREACH OF CONTRACT AGAINST IDEALEASE

48.     The allegations contained in Paragraphs 1 through 47 of this Complaint are incorporated by reference as if fully set forth herein.

49.     Keystone and Idealease entered into a Vehicle Lease and Service Agreement ("Lease") on or about November 19, 2010.

50.     The Lease required Idealease to "provide scheduled mechanical preventive maintenance and repairs to the Vehicles, including all labor and parts that may be required to keep the Vehicles in operating condition."

51.     Idealease breached the Lease by failing to provide scheduled mechanical preventative maintenance and repairs to the Vehicle, and by failing to keep the Vehicle in operating condition.

52.     As a direct, proximate, and foreseeable result of Idealease's breach of contract, Nationwide has suffered damages in the amount of $97,847.66.

**WHEREFORE**, Plaintiff prays that the Court:

A.    Enter judgment in its favor and against Defendants in the amount of

$97,847.66, plus interest and the costs of this action;

B.    Afford it trial by jury as to all issues raised in this Complaint; and

C.    Any and all further relief allowed by law or equity and that this Court

deems just and proper.

Submitted this 25th day of July, 2018.

/s/ David A. Terry

David A. Terry

Georgia Bar No. 051508

*Attorney for Plaintiff Nationwide*

*Agribusiness Insurance Company*

**COZEN O'CONNOR**

The Promenade Suite 400

1230 Peachtree Street N.E.

Atlanta, GA  30309

Telephone: (404) 572-2000

Facsimile: (404) 572-2199

DTerry@cozen.com
